IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  21-MJ-00013-JHR

CISCO CASAUS-ALIRES,

    Defendant.

### ORDER GRANTING THE UNITED STATES' MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

THIS MATTER comes before the Court on the United States' Motion to Exclude Time for Speedy Trial Act Purposes ("Motion"), doc. 23, as well as the District of New Mexico's Administrative Order 21-MC-00004-05 relating to the coronavirus (COVID-19) pandemic national emergency. Having reviewed the Motion, noting that Defendant took no position, and finding that good cause exists, hereby finds as follows:

    1.    Defendant was arrested on January 15, 2021, and charged by criminal complaint. On January 21, 2021, Defendant was ordered released on conditions pending trial. The Speedy Trial Act, 18 U.S.C. § 3161, normally would require that an indictment or information charging Defendant with the commission of an offense must be filed within 30 days of Defendant's arrest. 18 U.S.C. § 3161(b). Further, under normal circumstances, 18 U.S.C. § 3164(b) requires that the trial of any person who is detained solely because he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention.

    2.    On December 3, 2020, this Court issued Administrative Order 20-MC-00004-42, which included a directive that all grand jury proceedings in the District of New Mexico be suspended through January 4, 2021, such that a grand jury was not available within the District of

New Mexico during that period. Then, on December 21, 2020, this Court issued Administrative Order 20-MC-00004-50, superseding Administrative Order 20-MC-00004-42 and further suspending grand jury proceedings through January 31, 2021. *See* Administrative Order 20-MC-00004-50. These orders were entered in response to the current coronavirus pandemic and were based on, among other things, the State of New Mexico Public Health Emergency Orders dated November 13, 2020, and December 2, 2020.

3. On January 15, 2021, this Court issued Administrative Order 21-MC-000004-05, superseding Administrative Order 20-MC-00004-50, directing that all grand jury proceedings be suspended through February 28, 2021. 21-MC-000004-05 at 1. This order was entered in response to the current coronavirus pandemic and based on, among other things, the State of New Mexico Public Health Emergency Orders dated December 30, 2020.

4. Given the grave public health concerns discussed in Administrative Order 21-MC-00004-05 and the current declaration of a statewide public health emergency, the ends of justice served by excluding the period of time between the date on which Defendant was arrested, that being January 15, 2021, and the date on which this Court first permits grand juries in the District of New Mexico to resume meeting and proceeding generally, that being March 12, 2021, for Speedy Trial Act purposes, outweighs the interest of the public and Defendant in a speedy indictment and speedy trial. Further, failure to grant the requested exclusion of time would require the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required 30-day time limit (which is automatically extended to 60 days when a grand jury is not in session, pursuant to 18 U.S.C. § 3161(b)), either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice. Failure to continue

this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

5. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the government to obtain available witnesses.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, Administrative Order 21-MC-00004-05, and public-health requirements, the Court finds that the foregoing facts support good cause for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice in granting such a continuance outweighs the best interest of the public and Defendant in a speedy indictment and speedy trial.

THEREFORE, IT IS HEREBY ORDERED THAT:

The time period on and between the date of Defendant's arrest, December 30, 2020, and the date that this Court permits grand juries in the District of New Mexico to resume meeting and proceed generally, in the normal course, communicated through a new administrative order, is hereby excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b), and for calculating the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because a defendant is awaiting trial, all under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iii).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other

provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE